IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ERIC T. PHAM, | ) | Civil No. 22-00103 SOM-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | TO DISMISS PLAINTIFF'S |
| vs. | ) | COMPLAINT FOR A CIVIL CASE |
| | ) | |
| PACIFIC HEALTH VETERAN CLINIC; DR. GABRIEL WONG; MICHAEL CRAIGHEAD; UTAH VA FIDUCIARY; CAROL YOMEMITSU CPA, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO
<u>DISMISS PLAINTIFF'S COMPLAINT FOR A CIVIL CASE</u>

On March 17, 2022, Plaintiff Eric T. Pham ("Plaintiff") filed a Complaint for a Civil Case ("Complaint") against Defendants Pacific Health Veteran Clinic, Dr. Gabriel Wong, Michael Craighead, Utah VA Fiduciary, and Carol Yomemitsu (collectively, "Defendants"). ECF No. 1.

The Court set the Rule 16 Scheduling Conference for May 16, 2022. ECF No. 3. Plaintiff failed to appear as required on May 16, 2022. ECF No. 7. The Court thus continued to Rule 16 Scheduling Conference to June 6, 2022. *Id.* Plaintiff then failed to appear at the June 6, 2022 Rule 16 Scheduling Conference. ECF No. 8.

The Court again continued the Rule 16 Scheduling Conference to June 21, 2022. *Id.* Plaintiff, however, also failed to appear on June 21, 2022. ECF No. 9. In addition, Plaintiff had not indicated that he served the Complaint on Defendants.

On July 5, 2022, the Court issued an Order to Show Cause, ordering Plaintiff to explain in writing by July 25, 2022, why the Court should not dismiss this action for Plaintiff's failure to appear that the required status conferences and/or serve the Complaint ("07/05/2022 OSC"). ECF No. 10. The 07/05/2022 OSC warned Plaintiff that failure to respond might result in sanctions, including dismissal. *Id.* at 4.

On July 20, 2022, Plaintiff timely filed what the Court construed as a response to the 07/05/2022 OSC ("OSC Response"). ECF No. 11. The OSC Response did not explain why Plaintiff failed to appear at previous scheduling conferences and serve the Complaint. Plaintiff did, however, request an in-person hearing. Thus, on August 4, 2022, pursuant to Plaintiff's request, the Court set an in-person show cause hearing for August 16, 2022. ECF No. 12.

On August 16, 2022, the Court held the show cause hearing as scheduled. ECF No. 13. The Court made three calls to Plaintiff outside the courtroom. Plaintiff, however, failed to appear for the show cause hearing.

DISCUSSION

A plaintiff must serve a proper summons and complaint on the defendants for the court to have jurisdiction over the defendants. *See* Fed. R. Civ. P. 4; *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." (citations omitted)). Plaintiff has not established that he properly served Defendants. Nor has Plaintiff provided to the Court any reason for his failure to do so.

"It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citation omitted); *see also Pagano v. OneWest Bank, F.S.B.*, CV. No. 11-00192 DAE-RLP, 2012 WL 74034, at *6 (D. Haw. Jan. 10, 2012) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.")). The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits ("*Pagtalunan* factors").

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). For the reasons below, the Court finds that dismissal of the Complaint is appropriate given Plaintiff's failure to prosecute.

First, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending since March 2022, and Plaintiff has failed to perfect service on any of the Defendants. Moreover, since the start of this case, Plaintiff has failed to appear at scheduled proceedings.

Second, the Court's need to manage its docket weighs strongly in favor of dismissal because Plaintiff's failure to prosecute this action, or even appear for a status conference, has interfered with the Court's ability to manage its docket. To date, Plaintiff fails to provide sufficient reasoning as to why he is unable to properly serve any of the Defendants.

Third, the risk of prejudice to Defendants weighs heavily in favor of dismissal. Defendants will suffer prejudice if this case continues without Plaintiff effecting service. Plaintiff's inaction has impaired Defendants' ability to proceed to trial and threatens to interfere with the resolution of this case. *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Fourth, less drastic sanctions are not appropriate.  Plaintiff has failed to appear at any proceeding set by the Court.  The Court issued the 07/05/2022 OSC warning Plaintiff that failure to respond would result in a recommendation that the district court dismiss the Complaint.  ECF No. 10.  Plaintiff then failed to appear at the in-person show cause hearing on August 16, 2022, which Plaintiff requested.  The Court thus finds that it would be futile to recommend a lesser sanction because Plaintiff has demonstrated that such action would not compel him to take the necessary steps to prosecute this action.

Fifth, the Court acknowledges that public policy favors disposition of cases on their merits.  Thus, this final factor weighs against dismissal.  This Court finds, however, that because four of the factors weigh in favor of dismissal, this factor is outweighed.  Accordingly, dismissal is appropriate.

Notwithstanding this Court's finding that Plaintiff has failed to prosecute this case, the Court finds that these failures do not provide sufficient grounds to support dismissal with prejudice.  The Court finds that four of the five *Pagtalunan* factors weigh in favor of dismissal; however, under these circumstances, these factors do not weigh "strongly" in favor of dismissal.  *Cf. In re Lagmay*, CIV. NO. 15-00166 DKW/RLP, 2015 WL 5970667, at *2 (D. Haw. Oct. 13, 2015), *aff'd sub nom.*, *Lagmay v. Nobriga*, No. 15-17068, 2016 WL 7407294 (9th Cir. Dec. 22, 2016) (concluding that dismissal with prejudice is appropriate when at least three

of the *Pagtalunan* factors weighed "strongly" in support of dismissal). Accordingly, although the Court finds that dismissal is appropriate, this Court recommends that the district court's dismissal of the Complaint be without prejudice.

CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE Plaintiff's Complaint for a Civil Case.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, August 31, 2022.



Kenneth J. Mansfield
United States Magistrate Judge

*Pham v. Pac. Veteran Health Clinic, et al.*, Civil No. 22-00103 SOM-KJM; Findings and Recommendation to Dismiss Plaintiff's Complaint for a Civil Case